# In the United States District Court
# Southern District of Indiana

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2017 MAY 19  AM 11:39
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| MARK A. ALBRECHTSEN,<br>   on behalf of himself and a class of<br>   others similarly situated,<br><br>           Plaintiff,<br>vs.<br><br>APPLE, INC.<br>c/o C T Corporation System,<br>   Registered Agent,<br>818 W 7th Street, Suite 930<br>Los Angeles, CA 90017,<br><br>           Defendants. | Case No.<br><br>**1:17-cv-1664 TWP -TAB**<br><br><u>PLAINTIFF'S CIVIL CLASS ACTION COMPLAINT</u><br><br><u>JURY DEMAND</u> |

Plaintiff, Mark A. Albrechtsen, on behalf of himself and a Class of other similarly situated Indiana consumers, states as follows:

## INTRODUCTION

1. This action arising from Apple's charging iPhone, iPod, iPad, and Apple Watch, users for device applications that come with free future upgrades, but users cannot download these upgrades unless they have a valid credit/debit card on file and the ability to give Apple more money despite the upgrades accessibility at no additional cost. This has required Plaintiff and other similarly situated consumers to possess paid-for outdated, broken, or slow, applications despite the availability of updated, fixed, and faster, applications for owners to download. Consequently, Apple has created a scheme, artifice, or device to defraud or mislead Plaintiff and other similarly situated consumers into believing they will

receive future application updates upon the initial purchase of an application but fails to delivers these updates unless the consumer has more money available to give to Apple.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Indiana's Deceptive Consumer Sales Act, Ind. Code 24-5-0.5 *et seq.*

3. Diversity subject-matter jurisdiction is founded on Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), and 1711–1715, 119 Stat. 4., Pub. L. No. 109-2 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332(d), conferring federal jurisdiction over class actions where, as here:

   a. there are 100 or more members in the proposed Class;

   b. there is minimal diversity, in that at least some members of the proposed Class have a different citizenship from Apple, Inc.; and

   c. the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate.

4. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Indiana.

## PARTIES

5. At all times relevant to this action, defendant APPLE, INC. ("Apple") is a domestic for-profit corporation registered in California with its nerve center located in Cupertino.

6. At all times relevant to this action, plaintiff MARK A. ALBRECHTSEN ("Plaintiff") owned one Apple Watch, two iPads, and four iPhones. Plaintiff is a citizen of Indiana, residing in Hendricks County and personally experienced the misconduct alleged herein.

## FACTS RELATING TO NAMED PLAINTIFF

7. Relevant to this actions, Apple designs, manufactures, and markets electronic mobile communication and media devices and sells applications. Apple's devices include the iPhone, iPad, iPod, and Apple Watch, which are all required to operate on Apple's proprietary iOS operating system. This iOS operating system further requires its users to purchase and download the device's digital content and applications through Apple's proprietary App Store.

8. Plaintiff currently owns 1,534 applications, of which 1,469 operate on the iPhone and 952 operate on the iPad (some apps are "Universal," meaning they are designed to operate on both the iPhone and the iPad).

9. The average iPhone owner in the U.S. spent $35 on apps last year. Plaintiff, on the other hand, has spent well beyond this over the past couple years. It is estimated that 110 million iPhones are active in the U.S. In 2014, Indiana ranked 16th in the United States for occupying 2.06% of the total U.S. population. Thus, if Apple's iPhone base resembles that of the population, Indiana has approximately 2,266,000 activate iPhone's alone amounting to approximately $79,310,000 in damages. This is consistent with Apple's 2014 reported $18,063,000,000 net in App Store sales.

10. Despite Plaintiff and other similarly situated consumers paying for these iPhone, iPad, iPod, and Apple Watch applications via the App Store with the guarantee of receiving free application updates, Apple refuses to allow consumers to update to the latest version of the application unless Plaintiff has a valid form of payment registered with unless they have a valid credit/debit card on file and the ability to give Apple more money. This has required Plaintiff and other similarly situated consumers to possess paid-for outdated,

broken, or slow, applications despite the availability of updated, fixed, and faster, applications for owners to download.

 

11. Apple was aware, or should have been aware, of the forgoing facts through consumer complaints and forum posts made on Apple's website, and in the face of this information, Apple made a purposeful choice to continue engaging in such an unlawful practice.

## CLASS ALLEGATIONS

12. Plaintiffs seek to represent himself and a Classes of others similarly situated consisting of

> All Indiana iPhone, iPad, iPod, and Apple Watch users that made a purchase of an iOS application within the two years preceding the filing date of this complaint.

13. The individuals in the class are so numerous that joinder of all members is impractical. Plaintiff estimates that there is approximately 2,266,000 activate iPhone's in Indiana alone, amounting to approximately $1,133,000,000 in damages.

14. There is a question of law and fact common to the claim of the Class:

> Whether Apple, by requiring a valid credit/debit card on file to update iOS applications, has created a scheme, artifice, or device to defraud or mislead Indiana iPhone, iPad, iPod, and Apple Watch consumers into believing they will receive future application updates upon the initial purchase of an application.

15. The named Plaintiff's claims are typical of the claims of the Class.

16. The names Plaintiff will fairly and adequately represent the interest of the Class.

17. The questions of law and fact common to the class predominate over any individual issues.

## COUNT I — INDIANA'S DECEPTIVE CONSUMER SALES ACT
(Ind. Code § 24-5-0.5-4)

18. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein.

19. Apple is a "supplier" within the meaning of Ind. Code § 24-5-0.5-2(a)(3)(C).

20. Apple engaged in a "consumer transaction" with Plaintiff within the meaning of Ind. Code § 24-5-0.5-2(a)(1)(C).

21. Under Ind. Code § 24-5-0.5-3(a) "[a] supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction." Such an act, omission, or practice by a supplier is a violation of Ind. Code § 24-5-0.5 *et seq.* whether it occurs before, during, or after the consumer transaction, or whether it is made orally, in writing, or by electronic communication, or made implicitly or explicitly.

22. Apple violated Indiana's Deceptive Consumer Sales Practices Act by charging iPhone, iPod, iPad, and Apple Watch, users for device applications that come with free future upgrades, but failed to deliver these free upgrades unless the user maintains a valid credit/debit card on file and the ability to give Apple more money despite these upgrades being free. As a consequence, users possess paid-for outdated, broken, or slow, applications despite the availability of updated, fixed, and faster, applications for owners to download.

23. As a result of the forgoing, Apple's awareness of these facts, and Apple's purposeful choice to continue engaging in such an unlawful practice, Apple has created a scheme, artifice, or device to defraud or mislead Plaintiff and other similarly situated consumers into believing they will receive future application updates upon the initial purchase of an application.

24. On February 6, 2017, Plaintiff served notice upon Apple for their violation of Indiana's Deceptive Consumer Sales Act. Said notice was in compliance with Ind. Code § 24-5-0.5-5(a) stating fully the nature of the alleged deceptive act and the actual damage suffered therefrom, and unless such deceptive act shall have become an uncured deceptive act

25. On February 24, 2017, Apple responded and failed to "offer to cure" the violation within the meaning of Ind. Code § 24-5-0.5-2(a)(6) resulting in a violation of Ind. Code § 24-5-0.5-4, Indiana's Deceptive Consumer Sales Act.

26. Plaintiff and members of the Class has been injured as a result of Apple's actions and/or omissions described herein.

//

//

## REQUEST FOR RELIEF

Plaintiff, on behalf of himself and on behalf of other members of the class, respectfully prays this court for judgment against Defendant in an amount in excess of $5,000,000, based upon the following relief per individual pursuant to Ind. Code § 24-5-0.5-4:

1. Actual damages suffered or $500 for each violation, whichever is greater;

2. The greater of three (3) times the actual damages or $1,000 for each violation, if the court finds the actions willful;

3. Reasonable attorney's fees; and

4. All other damages, penalties, costs, and interest, as allowed under Federal and Indiana law;

5. Such other and further relief as presented by the evidence in this case and as this Court may deem just and appropriate; and

6. The Court certify the Class and establish a common fund of the actual or statutorily prescribed damages recovered for the class, enjoin the continued violations and allow any and all other and/or future relief to which the class may appear entitled.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable by right by jury.

Dated: May 19, 2017.

_____
Mark A. Albrechtsen
4752 Stardust Circle
Plainfield, Indiana 46168
Phone: (614) 339-7150
mark.albrechtsen@icloud.com

PLAINTIFF